# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS K. VOLKMANN,** | : | CIVIL ACTION NO. 1:18-CV-781 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **INTERTEK YORK – BUILDING PRODUCTS & BUILDING SERVICES,** d/b/a, a/k/a Architectural Testing, Inc., *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Douglas K. Volkmann ("Volkmann") filed this action against seven defendants alleging negligence and strict products liability after being seriously injured on a worksite. One of the remaining defendants, Hyster-Yale Group, Inc. ("Hyster"), moves to dismiss Volkmann's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e). (Doc. 7). We will grant in part and deny in part Hyster's motion.

## I. Factual Background & Procedural History

In April 2016, Volkmann, an Ohio resident employed by an Ohio-based company, was performing architectural services at a construction site in York, Pennsylvania. (Doc. 1 ¶¶ 1, 13-14). While working, Volkmann was struck in the head by a 600-pound pipe that had detached from a nearby forklift. (Id. ¶ 16). Despite wearing a hardhat, Volkmann suffered serious injuries including a traumatic brain injury; memory loss; severe head, neck, and back pain; post-concussion syndrome; and a skull laceration. (Id. ¶¶ 21-23, 39). Volkmann was

unable to return to work due to his medical condition and was subsequently terminated by his employer. (Id. ¶ 25).

Volkmann filed suit in April 2018, alleging that multiple defendants were involved in, and are liable for, the accident that harmed him. In Count I of his complaint, he claims that all seven named defendants either owned, operated, or substantially controlled the premises where he was injured and that their negligent actions, or those of their employees, caused his injuries.[1] In Count II, Volkmann asserts a strict products liability claim against Hyster regarding the forklift involved in the accident. He alleges, *inter alia*, defective design, manufacturing defect, failure to warn, failure to take reasonable precautions, and failure to properly inspect. Hyster moves to dismiss all claims against it pursuant to Rule 12(b)(6), or, alternatively, for a more definite statement under Rule 12(e). The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable

---

[1] Besides Hyster, Volkmann sued Intertek York – Building Products & Building Services ("Intertek"); United Glass & Panel Systems, Inc.; Intertek – PSI Corporate Headquarters; Testing Holdings USA, Inc.; Professional Services Industries, Inc.; and MT Group. To date, Volkmann has voluntarily dismissed five defendants, leaving only Intertek and Hyster.

2

reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

We note initially that Volkmann concedes to dismissal of Count I against Hyster. (See Doc. 29 at 6; Doc. 30 ¶ 14). Consequently, the only remaining claim involving Hyster is strict products liability (Count II).[2] We will address Hyster's Rule 12 motions *seriatim*.

### A. Rule 12(b)(6)

The gravamen of Hyster's Rule 12(b)(6) argument is that Volkmann's complaint fails to provide adequate identification and defect information for the forklift at issue. Specifically, Hyster questions the complaint's lack of a model number, serial number, or a detailed description of the apparatus. Hyster also criticizes Volkmann's failure to specifically set forth the forklift's alleged defect.

We disagree that such detail is required at the pleading stage. Volkmann alleges that he was injured by a defective forklift and describes the circumstances of the accident that involved the machine; he avers that Hyster either designed, manufactured, sold, supplied, or leased the machine; and he claims that the forklift

---

[2] Despite Volkmann's use of negligence terminology in Count II of his complaint, (see Doc. 1 ¶ 38), we describe Count II as a "strict products liability" claim for two reasons: *first*, Volkmann employs the heading "Count II – Strict Liability" in his complaint, (see id. ¶¶ 35-36); and *second*, Volkmann references only strict liability in his brief in opposition to Hyster's motion to dismiss, (see Doc. 29 at 8-10).

4

was defectively designed or manufactured or that Hyster failed to properly warn of dangerous conditions. This is sufficient to state a claim for strict products liability. See Barnish v. KWI Bldg. Co., 980 A.2d 535, 541 (Pa. 2009); see also Runner v. Bard, 108 F. Supp. 3d 261, 270-71 (E.D. Pa. 2015) (applying Pennsylvania law in the context of negligent design defect and failure to warn).[3] Indeed, Hyster's request for a description of the forklift's particular defect goes beyond that which a strict products liability plaintiff may be ultimately required to *prove*, much less plead. Under Pennsylvania law, a plaintiff can establish strict liability for a defective product under the circumstantial "malfunction theory" even when unable to prove "the precise nature of the defect." Barnish, 980 A.2d at 541-42. The details that Hyster seeks from Volkmann—the model number, serial number, and specific defect of the forklift—are requests more properly suited to the discovery process. We will therefore deny Hyster's motion to dismiss Count II for failure to state a claim.

**B.    Rule 12(e)**

Hyster alternatively seeks a more definite statement from Volkmann pursuant to Federal Rule of Civil Procedure 12(e). That rule provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is *so vague or ambiguous that the party cannot reasonably prepare a response*." FED. R. CIV. P. 12(e) (emphasis added). Rule 12(e) motions are generally disfavored, Horse Soldier, LLC v. Tharpe, No.

---

[3] The parties agree that Pennsylvania law governs the instant claims.

5

1:13-CV-2892, 2014 WL 5312823, at *3 (M.D. Pa. Oct. 17, 2014) (Conner, C.J.), and are reserved for the "rare case" where the unintelligibility or ambiguity of a complaint prevents a defendant from being "able to frame a responsive pleading," Wadhwa v. Sec'y, Dep't of Veterans Affairs, 505 F. App'x 209, 214 (3d Cir. 2012) (nonprecedential) (quoting Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967)).  Rule 12(e) is not meant to supply "greater particularization of information alleged in the complaint or which presents a proper subject for discovery," but instead is reserved for the uncommon situation where a defendant "cannot respond, even with a simple denial, in good faith, without prejudice to [itself]."  MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 737 (D.N.J. 2017) (alteration in original) (citations omitted).

The instant case does not meet the requirements of Rule 12(e).  Volkmann's allegations in Count II, although not the model of particularity, are not so vague or ambiguous that Hyster cannot frame a responsive pleading.  Hyster is on notice that one of its products allegedly caused or contributed to the April 2016 accident that injured Volkmann.  Volkmann's run-of-the-mill strict products liability claim is neither unintelligible nor vague, and therefore does not necessitate a more definite statement.  Again, the specific product and defect information Hyster seeks from Volkmann are matters to be explored in discovery.  Accordingly, we will deny the alternative relief Hyster requests.

## IV. **Conclusion**

We will grant in part and deny in part Hyster's Rule 12 motion (Doc. 7) to dismiss or alternatively for a more definite statement. We will dismiss Count I against Hyster and deny the motion in all other respects. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    January 17, 2019